IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS M. JACKSON and PATRICIA G. JACKSON, as individuals and as representatives of the classes, | Civil Action No.: 2:12-cv-01262-DSC |
| | **Judge David Stewart Cercone** |
| Plaintiffs, | ELECTRONICALLY FILED |
| v. | |
| WELLS FARGO BANK, N.A. and WELLS FARGO INSURANCE, INC. | |
| Defendants. | |

**ORDER (1) GRANTING PRELIMINARILY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, (2) APPROVING PROPOSED NOTICE OF SETTLEMENT AND AUTHORIZING DISTRIBUTION OF NOTICE BY MAIL, (3) CERTIFYING SETTLEMENT CLASS, (4) APPOINTING PLAINTIFFS' COUNSEL AS COUNSEL FOR THE SETTLEMENT CLASS, (5) DESIGNATING PLAINTIFFS AS CLASS REPRESENTATIVES, (6) DESIGNATING CLAIMS ADMINISTRATOR, (7) SETTING DEADLINES FOR OPTING OUT, FILING OBJECTIONS AND FILING A MOTION FOR FINAL APPROVAL AND (8) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement with Wells Fargo Bank, N.A. ("WFB") and Wells Fargo Insurance, Inc. ("WFI") (collectively, "Wells Fargo" or "Defendants"). The Court has considered the Motion, the proposed Class Action Settlement Agreement ("Settlement Agreement" or "Settlement"), the Notice of Class Action Settlement ("Class Notice") and Claim Form, the other papers submitted in connection with the Motion, and all files, records, and proceedings in the above-captioned action (the "Action"). Finding good cause to approve the Motion, the Court now finds and ORDERS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court preliminarily approves the Settlement Agreement and the terms set forth therein, subject to further consideration at the Final Approval Hearing after members of the Settlement Class have had an opportunity to opt-out of the Settlement or object to the Settlement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, solely for purpose of effectuating this Settlement the following Settlement Class:

> All persons who obtained a loan from Wells Fargo Bank that was secured by a first or subordinated lien on residential real property who were charged by Wells Fargo Bank for a Flood Hazard Determination between August 30, 2011 and December 31, 2013, inclusive.

4. The Court finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The number of class members is sufficiently numerous that joinder of all members is impractical. There are questions of law and fact common to the class with respect to the Flood Hazard Determination fees and the alleged overcharges, markups, and/or "kickbacks." Plaintiffs' claims are typical of the claims of the Settlement Class. Finally, Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Class, and will do so in connection with the Settlement Agreement.

5. The Court further finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over any individualized issues, and resolution of this action as a class action is superior to alternative methods of adjudicating the claims of the members of the Settlement Class.

6. The Court hereby appoints Plaintiff's counsel, Nichols Kaster, PLLP as Class Counsel for the Settlement Class.

7. The Court appoints Plaintiffs Thomas M. Jackson and Patricia G. Jackson as Class Representative for the Settlement Class.

8. The Court finds on a preliminary basis that the terms of the Settlement Agreement (including the monetary relief and release of claims) are fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e). The Court further finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims in the Action and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced, court-appointed mediator in the settlement process supports the Court's conclusion that the Settlement was fairly negotiated at arm's length. The Court therefore grants preliminary approval of the Settlement.

9. The Court finds and concludes that the Class Notice and the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class will provide the best notice practicable, satisfies the notice requirements of Rules 23(c)(2)(B) and 23(e), adequately advises Settlement Class members of their rights under the Settlement, and meets the requirements of due process. The proposed plan for mailing the Class Notice and Claim Form in the form of a double-sided postcard to the last known addresses of the members of the Settlement Class is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement. This form of mailed notice is also supplemented through the settlement website, which the Court finds to be a reasonable form of supplemental notice. Accordingly, the Court approves the Class Notice, and the manner of distributing the Class Notice to Settlement Class members.

10. The Court further finds that the Claim Form set forth in the Settlement Agreement is not unduly burdensome for Settlement Class members to complete, and that the claims process

established by the Settlement is reasonable and appropriate. Eligible members of the Settlement Class who wish to receive monetary compensation under the Settlement must submit a valid and timely Claim Form to the designated Claims Administrator, as provided in the Settlement Agreement, postmarked by the Claim Filing Deadline. The Court hereby approves Rust Consulting, Inc., as the Claims Administrator.

11. No later than fourteen (14) days after the date of this Order, Defendants shall provide the Claims Administrator with a Class List, in electronic format, containing name, last known mailing address, and loan number for each member of the Settlement Class.

12. No later than twenty-one (21) days after receiving the Class List, the Claims Administrator shall mail, via United States mail, the Class Notice and Claim Form to Settlement Class Members. For purposes of this mailing, the Claims Administrator shall use the address information supplied by Defendants in the Class List, subject to appropriate updating as provided in the Settlement Agreement.

13. On or before the Class Notice Date, the Claims Administrator shall make active a website describing the terms of the Settlement and from which Settlement Class Members can download relevant documents such as the Settlement Agreement; the Class Notice and Claim Form; a more detailed summary of the settlement in long-form format; the Complaints; this Order and Plaintiffs' Preliminary Approval Motion; Class Counsel's Motion for Final Approval and Motion for Attorneys' Fees and Costs; and the Final Approval Order, if the Court finally approves the Settlement. The name of this website shall be agreed to by the Parties prior to the establishment of the website.

14. On or before the Class Notice Date, the Claims Administrator also shall arrange for a toll-free telephone call facility consistent with the terms of the Settlement Agreement, with live operators to respond to questions from Settlement Class Members.

15. Members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written request for exclusion (an "Opt-Out") to the Claims Administrator, postmarked no later than sixty (60) days after the Class Notice Date. Such written request for exclusion must contain the name and address of the Settlement Class Member requesting exclusion and must be personally signed by the Settlement Class Member who seeks to opt out. Any member of the Settlement Class who requests exclusion from the Settlement Class and submits a valid and timely Opt-Out will not be entitled to any compensation in connection with the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon. Members of the Settlement Class who do not submit a valid and timely Opt-Out shall be bound by all terms of the Settlement Agreement. The Claims Administrator shall provide the Parties with copies of all opt-out requests as provided in the Settlement Agreement. No Opt-Out may be made on behalf of a group of Settlement Class Members, and untimely requests to opt out will be deemed invalid and ineffective.

16. Any member of the Settlement Class who wishes to object to the Settlement must mail a written statement of objection ("Objection") to the Claims Administrator, postmarked no later than sixty (60) days after the Class Notice Date. The Objection must include the name and address of the Settlement Class Member making the objection, must state the basis for the objection, and must be personally signed by the Settlement Class Member. Settlement Class Members who fail to make timely objections in the manner specified above shall be deemed to

have waived any objections to the Settlement and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

17. The Court will conduct a Final Approval Hearing on March 5, 2015, at 11:00 in Courtroom 7A, United States Post Office and Courthouse, 700 Grant Street, Pittsburgh, PA, to determine whether the Settlement is fair, reasonable and adequate, whether the notice provided to Settlement Class Members constitutes the best notice practicable and satisfies due process, whether any objections to the Settlement should be overruled, and whether Class Counsel's motion for attorneys' fees and costs should be approved.

18. Class Counsel's Motion for Attorneys' Fees and Costs shall be filed no later than forty-five (45) days prior to the date of the Final Approval Hearing.

19. The Final Approval Motion shall be filed no later than fourteen (14) days prior to the date of the Final Approval Hearing. In the Final Approval Motion, Class Counsel shall address any timely submitted Objections to the Settlement.

20. Pending the Court's final determination as to whether the Settlement should be approved, all members of the Settlement Class and all persons acting on behalf of any member of the Settlement Class are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively on behalf of them, or in any other capacity of any kind whatsoever, any action against Defendants in any state court, any federal court, or any other tribunal or forum of any kind for any claim which falls within the definition of the Released Claims in the Settlement Agreement, and any member of the Settlement Class shall not pursue any pending actions against the Released Parties asserting the Released Claims.

21. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and Plaintiffs and the Wells Fargo Defendants shall revert to their respective positions before entering into the Settlement Agreement.

**IT IS SO ORDERED** this 27th day of October, 2014.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   Counsel of Record

(*Via CM/ECF Electronic Mail*)