IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS M. JACKSON** and ) <br> **PATRICIA G. JACKSON**, as individuals ) <br> and as representatives of the classes, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **WELLS FARGO BANK, N.A.** and ) <br> **WELLS FARGO INSURANCE, INC.**, ) <br> ) <br> Defendants. ) | 2:12cv1262 <br> **Electronic Filing** |

## ORDER OF COURT

AND NOW, this 30th day of September, 2015, for the reasons set forth in the opinion filed on this date, IT IS ORDERED that Final Judgment is entered as follows:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order.

2. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the class with respect to the Flood Hazard Determination fees and the alleged overcharges, markups, and/or "kickbacks," (c) Plaintiffs' claims are typical of those of the Settlement Class, and (d) plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Class, and will do so in connection with the Settlement Agreement.

3. The Court further finds that the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(b)(3). The aforementioned common issues predominate over

any individualized issues, and resolution of this action as a class action is superior to alternative methods of adjudicating the claims of the members of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of the following: All persons who obtained a loan from WFB that was secured by a first or subordinated lien on residential real property who were charged by WFB for a Flood Hazard Determination between August 30, 2011 and December 31, 2013, inclusive. Excluded from the Settlement Class are: (i) individuals who are or were, from August 30, 2011 to December 31, 2013, officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iii) all persons who meet the criteria for the Settlement Class who submitted a timely and proper request to be excluded from the Settlement Class.

5. The Court finally appoints the law firm of Nichols Kaster, PLLP, as Class Counsel for the Settlement Class.

6. The Court finally designates plaintiffs Thomas and Patricia Jackson as the class representatives for the Settlement Class.

7. The Court makes the following findings on notice to the Settlement Class:

a. The Court finds that the distribution of the Class Notice, the creation and maintenance of the toll-free call center with IVR system, and the creation and maintenance of the settlement website, all as provided in the Settlement Agreement and Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the

proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the Rules of this Court, and any other applicable law. The Parties have complied with their notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.

8. The Settlement Agreement is finally approved as fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

10. Pursuant to Federal Rule of Civil Procedure 23(h), the Court hereby awards Class Counsel for the Settlement Class attorneys' fees and expenses in the amount of $1,500,000 payable pursuant to the terms of the Settlement Agreement. The Court also approves the settlement payment to Plaintiffs in the amount of $25,000 in exchange for Plaintiffs' general release of their claims against Defendants and in recognition of Plaintiffs' individual claims against Defendants released thereby.

11. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members, as well as their family members, heirs, guardians, assigns, executors, administrators, predecessors, successors, and assigns.

12. The Releases, which are set forth in the Settlement Agreement, including in Paragraphs 49 and 50 of the Settlement Agreement, and which are set forth below, are expressly incorporated herein in all respects and are hereby approved.

a. Release Definitions.

i. "Released Claims of Plaintiffs" means all claims, actions, demands, causes of action, suits, liens, debts, obligations, damages, rights, liabilities, or offsets of any nature and description whatsoever, contingent or mature, known or unknown, whether in tort, contract, law, equity, arising under federal, state or local statute, ordinance, rule or regulation, or otherwise that Plaintiffs (including their heirs, executors, administrators, successors, and assigns) had in the past or now have against the Released Parties or any of them arising from or related to any agreement, charge, payment, requirement, act, omission, or failure to act that arose at any time up to and including the date the Settlement Agreement was executed.

ii. "Released Claims of the Settlement Class" means all claims, actions, demands, causes of action, suits, liens, debts, obligations, damages, rights, liabilities, or offsets of any nature and description whatsoever, contingent or mature, known or unknown, that were or could have been asserted by or on behalf of Settlement Class Members and that arose at any time up to and including the date this Settlement Agreement was executed based on any of the facts or any of the theories asserted in either of the Complaints or in both of them and any and all claims, however denominated, based upon the same factual predicates as those alleged in either of the Complaints or in both of them, including, but not limited to, any and all claims arising from or related to Flood Hazard Determinations performed or procured by the Defendants or either of them; any and all communications between Defendants or either of them and any Settlement Class Member or Settlement Class Members relating or connected to any Flood Hazard Determinations; any charges by Defendants or either of them for Flood Hazard Determinations

including, but not limited, to any overcharges or markups by Defendants of or related to any Flood Hazard Determinations; any alleged "kickbacks" or alleged improper payments of anything made by or received by Defendants or either of them in connection with Flood Hazard Determinations; and/or any payment by or to Defendants or either of them to or from any third party in connection with the performance or provision of Flood Hazard Determinations. Excepted from the Released Claims of the Settlement Class are (1) any claims, actions, demands, causes of action, suits, liens, debts, obligations, damages, rights, liabilities, or offsets based on any allegation by a Settlement Class Member that Wells Fargo Bank required the Settlement Class Member to maintain flood insurance in an amount that the Settlement Class Member believes is greater than what is required or permitted by applicable law or is greater than what is necessary to protect the lender's interest in the Settlement Class Member's property securing his or her loan, and (2) any claims, actions, demands, causes of action, suits, liens, debts, obligations, damages, rights, liabilities, or offsets based on Wells Fargo requiring a borrower who obtained a loan from Wells Fargo secured by residential real property to, after loan closing, obtain flood insurance for the property securing the loan where Wells Fargo informed the borrower at the time the borrower's loan closed that the borrower did not need to obtain flood insurance and there was no intervening change in FEMA's flood zone map affecting the property.

iii. "Released Parties" means Defendants and each and all of the past, present, and future parents, subsidiaries, affiliated companies and corporations of Defendants or either of them, and each and all of the past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities of Defendants or either of them.

b. Class Release. Upon the Effective Date, each Settlement Class Member who does not submit a timely Opt-Out and his or her assigns, heirs, successors and personal representatives releases, resolves, relinquishes, and discharges each and all of the Released Parties from each of the Released Claims of the Settlement Class that exist or may exist in their favor through the date of the execution of this Settlement Agreement. The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency, or with any administrative or advisory body, asserting any of the Released Claims of the Settlement Class against the Released Parties or any of them.

c. Plaintiffs' General Release. Upon the Effective Date, Plaintiffs and their assigns, heirs, successors and personal representatives release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims of Plaintiffs that exist or may exist in their favor through the date of the execution of this Settlement Agreement.  Plaintiffs further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency, or with any administrative or advisory body, asserting any of the Released Claims of Plaintiffs against the Released Parties or any of them.

d. Without in any way limiting their scope, the Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, Plaintiffs, or any Settlement Class Members in connection with or related in any manner to this Action, the settlement of this Action, the administration of such Settlement, and/or the Released

Claims, except to the extent otherwise specified in this Final Approval Order and the Settlement Agreement.

e. In connection with the foregoing Releases, Plaintiffs and each Settlement Class Member expressly waive, and shall be deemed to have waived to the fullest extent permitted by law, any and all provisions, rights, or benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and each Settlement Class Member agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Plaintiffs recognize, and each Settlement Class Member is deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of this Final Approval Order, they fully, finally, and forever settle and release any and all claims covered by the Releases.

f. The Releases were bargained for and are a material element of the Settlement Agreement.

g. The Releases do not affect the rights of Settlement Class Members who timely and properly submitted an Opt-Out from the Settlement.

h. The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court.

i. The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have submitted an Opt-Out, and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

j. The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

13. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, nor the Judgment to be entered pursuant to this Final Approval Order, nor any of its terms and provisions, shall be:

a. offered by any person or received against the Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in this Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

b. offered by any person or received against the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants or any other wrongdoing by the Defendants;

c. offered by any person or received against the Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

d. offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce

or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Final Approval Order, or the Judgment to be entered pursuant to this Final Approval Order.

14. This Final Approval Order, the Judgment to be entered pursuant to this Final Approval Order, and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

16. In the event that this Final Approval Order or the Judgment to be entered pursuant to this Final Approval Order are reversed or vacated pursuant to an appeal in this Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

17. The Clerk is directed to mark the case closed.

                                                    s/David Stewart Cercone
                                                    David Stewart Cercone
                                                    United States District Judge

cc:    Michele R. Fisher, Esquire
        E. Michelle Drake, Esquire
        Kai H. Richter, Esquire
        Jonah S. Van Zandt, Esquire
        Mark D. Lonergan, Esquire
        Michael J. Steiner, Esquire
        Philip Barilovits, Esquire
        Steven J. Adams, Esquire
        (*Via CM/ECF Electronic Mail*)